LIVEZEY and others *against* GORGAS and others.    *Saturday,*
                                                    *January 2.*

A HABEAS *Corpus* issued from the Supreme Court at the
    suit of the defendants, to remove this cause, which was an
*assize of nuisance*, from the Common Pleas of *Philadelphia*
county.

*Lewis* for the plaintiffs, now moved to quash the writ, for
two reasons; 1. Because the Supreme Court has no jurisdic-
tion of an assize. 2. Because a *habeas corpus* is at all events
an improper writ to remove an assize.

*An assize of nuisance cannot be removed from the Commo Pleas to the Supreme Court by Habeas Corpus.*

1. As the Supreme Court has at this time no original juris-
diction, the plaintiffs were compelled, even if we disregard the
nature of their suit, to institute it in the Common Pleas; and
having so instituted it, it must be left there; for a removal of it
to this court destroys the action. In an assize of nuisance the
recognitors must have a view before the return of the writ, and
none but the jury which has had the view, is competent to try
the cause. The demandant must be ready to count *instanter*
upon the tenant's demand, and the tenant is to plead presently;
if he pleads in abatement, he must plead over at the same time;
for the cause must be tried at the return of the writ and not after,
as it is *festinum remedium*. The Supreme Court cannot hold
the trial at the return of the writ in the Common Pleas; and the
jury which alone can try the cause, cannot be brought into the
Supreme Court. It follows therefore that the jurisdiction fails
for want of a jury competent to the trial, and because the Su-
preme Court cannot possibly arraign the assize in that period
in which by the rule of law it must be done. 1 *Bac.* 251.
*Savier* v. *Linthall* (a), *Saveris* v. *Briggs.* (b)

The court wants jurisdiction for another reason. There are no
words in any law to give them authority to take assizes; and they
have no special commission to do it. One of these is essential.
The Common Pleas have the power in express terms. 1 *St.
Laws* 182. *sec.* 21.

2. A *habeas corpus* is an improper writ. An *assize* is a real
action which cannot be removed by *habeas corpus.* This writ
removes the body with the cause; and lies only where the pro-
ceeding is in *personam.* It does not lie in ejectment, replevin,

(a) 1 *Salk.* 82.              (b) 1 *Salk.* 83

1808.

LIVEZEY

*v.*

GORGAS.

or in any real action whatever. It is particularly inadequate, because it cannot bring up that jury which alone can try the cause; and its effect is to abate a rightful suit. 3 *Bl. Comm.* 130. *Id.* 184. *Hetherington* v. *Reynolds.* (a)

*Rawle* for the defendants.

1. By the constitution of the Supreme Court, it has power to issue writs of *habeas corpus, certiorari, error,* and all other remedial writs and process; it has authority to hear and determine all and all manner of pleas, plaints, and causes, removed from the Courts of Common Pleas; and it may exercise the jurisdictions and powers granted to it, as fully as the Courts of King's Bench, Common Pleas, and Exchequer, at *Westminster.* 1 *St. Laws* 180. *sec.* 13. Under this grant of jurisdiction it has sustained removals of dower, partition, and waste, which are real actions; and there is nothing in an assize which particularly exempts it from the jurisdiction of this court. It is not *expressly* within the court's power; and why should it be, if general terms will reach the case? But if it is within the authority of the Common Pleas, it is necessarily within that of the Supreme Court, which has an unlimited power of removal, confirmed by a particular section of a subsequent law, in every case in which title to lands or any other real estate *may* come into question. 1 *St. Laws* 479. *sec.* 4. An assize is perhaps still more evidently within the jurisdiction of this court than dower, waste, or partition; for while these are confined to the Common Pleas at *Westminster,* that may be brought either there or in the King's Bench. 3 *Bl. Comm.* 40. I grant that recognitors must have a view before the return, and that the same jury must try; but this is no obstacle to the removal. It is not absolutely necessary to finish the assize at the return of the writ. The justices will give a day out of term for reasonable cause. *F. N. B.* 409,—10. An imparlance may be granted for good cause, *Saveris* v. *Briggs;* (b) and the assize may be adjourned, or removed to a superior court. 1 *Com. Dig.* 567,—8. *Assize B.* 21. 25. 27. 28. 2 *Inst.* 423.

2. *Habeas Corpus* is a proper writ. It does not suppose any actual imprisonment; since in *England* it lies to every inferior court, and in cases where the sum in controversy does not au-

(a) 1 *Salk.* 8.                                    (b) 1 *Salk* 83.

thorize an arrest and there is no bail. It issues it is true in cases which concern the person; and such is an assize of nuisance; for the plaintiff may recover damages in the action, and have a *ca. sa.* against the defendant to recover them. By an act passed *March* 20th 1799, the record *itself* is removed by *habeas corpus in like manner* as by *certiorari;* so that if the cause can be removed by either writ, it may be removed by that which has been adopted; and in the case of *Hartman* v. *Weiser, December* 1795, which was a writ of dower removed by *habeas corpus* from the Common Pleas of *Berks* county to this Court, we have an instance of its adoption in a real action.

*Lewis* in reply;

Mr *Rawle* grants that the same jury which views must try; but he does not shew how they are to be brought into this court. The Supreme Court has no authority by act of Assembly to take an assize, nor have the judges by virtue of their commissions. The justices of B. R. have a special commission to take assizes; they do not take them *ex officio;* and when on their circuit an assize is taken, and adjourned into bank, though it be the same court, it is so adjourned by virtue of a statute. There is no instance of the King's Bench having issued either *habeas corpus* or *certiorari* to an inferior court to remove an assize of nuisance.

Tilghman C. J. The court do not think it necessary to decide whether or not they have jurisdiction of an assize of nuisance; but they are clearly of opinion that such an action cannot be removed into this court by a writ of *habeas corpus;* it has not been customary, and it is not proper, to remove a real action by this kind of writ. For this cause only they allow the motion.

*Habeas Corpus* quashed.